UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

AUDREY BERNEY,                                          11 CIV 5327 (LTS)

                                        Plaintiff,

                                                        **ANSWER TO COMPLAINT**

                    -against-

METROPOLITAN LIFE INSURANCE COMPANY,                    DOCUMENT
                                                        ELECTRONICALLY FILED
                                        Defendant.
----------------------------------------------------------------X


      Defendant, METROPOLITAN LIFE INSURANCE COMPANY (hereinafter "MetLife"),
by its attorneys, Sedgwick LLP, as and for its Answer to plaintiff's Complaint, respectfully sets
forth the following upon information and belief:

## THE PARTIES

      FIRST.      Denies knowledge or information sufficient to form a belief as to the truth
of each and every allegation contained in paragraph "1" of plaintiff's Complaint.

      SECOND.      Denies each and every allegation contained in paragraph "2" of plaintiff's
Complaint as alleged except admits Defendant MetLife is a corporation organized and existing
under the laws of the State of New York with its principal place of business at 1095 Avenue of
the Americas, New York, New York.

## JURISDICTION AND VENUE

      THIRD.      Admits the truth of each and every allegation contained in paragraph "3"
of plaintiff's Complaint.

      FOURTH.      Admits the truth of each and every allegation contained in paragraph "4"
of plaintiff's Complaint.

NY/752996v1

FIFTH.        Admits the truth of each and every allegation contained in paragraph "5" of plaintiff's Complaint.

## FACTS

SIXTH.        Denies each and every allegation contained in paragraph "6" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits upon information and belief that plaintiff was employed by Hartmarx Corporation ("Hartmarx") as a Vice President of Distribution and Manufacturing.

SEVENTH.    Denies each and every allegation contained in paragraph "7" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court, except admits that MetLife issued to Hartmarx a group policy of insurance to fund benefits for its eligible employees payable under the Hartmarx Long Term Disability ("LTD") Plan (the "Plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*.

EIGHTH.      Denies each and every allegation contained in paragraph "8" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the applicable Plan documents for the terms, conditions, limitations and exclusions set forth therein.

NINTH.        Denies each and every allegation contained in paragraph "9" of plaintiff's Complaint as alleged and respectfully refers to the applicable Plan documents for the terms,

conditions, limitations and exclusions set forth therein, except admits plaintiff was a participant in the Plan.

TENTH.        Denies each and every allegation contained in paragraph "10" of plaintiff's Complaint as alleged and respectfully refers to the applicable Plan documents for the terms, conditions, limitations and exclusions set forth therein, except admits plaintiff was a participant in the Plan.

ELEVENTH.        Denies each and every allegation contained in paragraph "11" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that plaintiff's claimed date of disability was December 1, 2007, at which time she was a Plan participant.

TWELFTH.        Denies each and every allegation contained in paragraph "12" of plaintiff's Complaint.

THIRTEENTH.        Denies each and every allegation contained in paragraph "13" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FOURTEENTH.        Denies each and every allegation contained in paragraph "14" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and

maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FIFTEENTH.        Denies each and every allegation contained in paragraph "15" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

SIXTEENTH.        Denies each and every allegation contained in paragraph "16" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated November 10, 2010, MetLife advised plaintiff that LTD benefits were terminated as of that date because she no longer met the Plan's definition of disability.

SEVENTEENTH.              Denies each and every allegation contained in paragraph "17" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that plaintiff timely appealed MetLife's adverse benefit determination.

EIGHTEENTH.        Denies each and every allegation contained in paragraph "18" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and

maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated June 14, 2011, Defendant MetLife issued a decision upholding its previous adverse claim determination because plaintiff's submissions failed to support her claim that she was unable to perform the functions of any occupation beyond November 10, 2010.

NINETEENTH.     Denies each and every allegation contained in paragraph "19" of plaintiff's Complaint.

TWENTIETH.     Denies each and every allegation contained in paragraph "20" of plaintiff's Complaint.

TWENTY-FIRST.     Denies each and every allegation contained in paragraph "21" of plaintiff's Complaint.

TWENTY-SECOND.     Denies each and every allegation contained in paragraph "22" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits plaintiff submitted a Notice of Award of benefits from the Social Security Administration ("SSA") but denies that such an award by a governmental agency is binding or determinative of MetLife's decision-making under the terms of the Plan.

TWENTY-THIRD.     Denies each and every allegation contained in paragraph "23" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the

contents thereof as to the facts and circumstances recorded therein, except admits that plaintiff satisfied the overpayment of benefits caused by a retroactive award of Social Security Disability ("SSD") benefits.

TWENTY-FOURTH.        Denies each and every allegation contained in paragraph "24" of plaintiff's Complaint.

TWENTY-FIFTH.        Denies each and every allegation contained in paragraph "25" of plaintiff's Complaint.

TWENTY-SIXTH.        Denies each and every allegation contained in paragraph "26" of plaintiff's Complaint.

TWENTY-SEVENTH.        Denies each and every allegation contained in paragraph "27" of plaintiff's Complaint.

TWENTY-EIGHTH.        Denies each and every allegation contained in paragraph "28" of plaintiff's Complaint.

TWENTY-NINTH.        Denies each and every allegation contained in paragraph "29" of plaintiff's Complaint.

THIRTIETH.        Denies each and every allegation contained in paragraph "30" of plaintiff's Complaint.

THIRTY-FIRST.        Denies each and every allegation contained in paragraph "31" of plaintiff's Complaint.

THIRTY-SECOND.        Denies each and every allegation contained in paragraph "32" of plaintiff's Complaint.

THIRTY-THIRD.        Admits the truth of each and every allegation contained in paragraph "33" of plaintiff's Complaint.

THIRTY-FOURTH.          Denies each and every allegation contained in paragraph "34" of plaintiff's Complaint.

THIRTY-FIFTH.          Denies each and every allegation contained in paragraph "35" of plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

THIRTY-SIXTH.          This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against MetLife.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTY-SEVENTH.          The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in the Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTY-EIGHTH.          All actions about which plaintiff complains were either required or permitted by applicable law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTY-NINTH.          MetLife's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb its determination concerning plaintiff's claims.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FORTIETH.          Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FORTY-FIRST.          Defendant MetLife, as claim fiduciary for the Plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary

authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and MetLife is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously.   Defendant MetLife's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb MetLife's determination concerning plaintiff's claim.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

FORTY-SECOND.         To the extent (and without admitting that) the plaintiff was entitled to continuing benefits under the terms of the Plan as of the date MetLife determined she was not entitled to benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia,* the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions and/or limitations.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

FORTY-THIRD.      Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FORTY-FOURTH.         The claims and remedies sought by plaintiff are limited solely to those provided under ERISA, and all remedies and claims made by plaintiff not provided for under ERISA are preempted.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FORTY-FIFTH.      The Court's review of plaintiff's claim against defendant is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by MetLife in the regular course of its business.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

FORTY-SIXTH.      Any findings by the Social Security Administration with respect to plaintiff's claim for Social Security disability benefits are neither determinative nor binding with respect to MetLife's evaluation of plaintiff's claim for LTD benefits under the applicable Plan documents.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH.      If Plaintiff is entitled to any payment of LTD benefits, which defendant denies, such payment must be reduced and offset by any other income, benefits or set-offs as defined in the applicable Plan documents and instruments, that were or may be payable to her.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH.      To the extent a response is required, MetLife denies all allegations set forth in the subheadings to plaintiff's Complaint.

**WHEREFORE**, defendant MetLife prays:

1. That the action be dismissed, or that judgment be entered in favor of defendant, MetLife and against plaintiff;

2. That defendant, MetLife be awarded costs of suit incurred herein;

3. That defendant, MetLife be awarded reasonable attorney's fees; and

4. That defendant, MetLife be awarded such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          October 6, 2011

Respectfully submitted,

s/
_____
MICHAEL H. BERNSTEIN  (MB-0579)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004
Tel:  (212) 422-0202
Fax: (212) 422-0925
*Attorneys for Defendant*
METROPOLITAN LIFE INSURANCE COMPANY

TO:    Justin C. Frankel, Esq.  (JF-5983)
       Jason A. Newfield (JN-5529)
       FRANKEL & NEWFIELD, P.C.
       585 Stewart Ave., Suite 312
       Garden City, New York 11530
       Tel:  (516) 222-1600
       *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of

the attached **ANSWER** (on behalf of Metropolitan Life Insurance Company) was served **ECF**

**and Regular Mail** on October 6, 2011, upon the following:

Justin C. Frankel, Esq.  (JF-5983)
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Ave., Suite 312
Garden City, New York 11530
Tel:  (516) 222-1600
*Attorneys for Plaintiff*

Dated:   New York, New York
         October 6, 2011

s/ _____
MICHAEL H. BERNSTEIN (MB-0579)