UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AUDREY BERNEY,

                Plaintiff,

    -against-

METROPOLITAN LIFE INSURANCE
COMPANY,

               Defendant.
-------------------------------------------------------------------X

11 CIV 5327 (LTS)

**ECF CASE**

**PRELIMINARY
PRE-TRIAL STATEMENT**

      Plaintiff Audrey Berney ("Plaintiff") and Defendant Metropolitan Life Insurance Company ("MetLife") file this Preliminary Pre-Trial Statement pursuant to the Initial Conference Order dated August 9, 2011 and which satisfies the requirement of FED. R. CIV. P. 26(f).

**A.**    **Nature Of Action**

      This action was brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiff seeks long term disability benefits pursuant to a group long term disability policy issued by MetLife to Hartmarx.

**B.**    **Jurisdiction**

      Jurisdiction is founded on 28 U.S.C. § 1331 because this action arises under ERISA.

**C.**    **Material Uncontested Facts**

    1.    At the time she stopped working, Plaintiff was an employee of Hartmarx Corporation ("Hartmarx"), employed as a Senior Vice President of Distribution and Manufacturing.

2. During Ms. Berney's employment with Hartmarx, Trustmark Insurance Company was the claims administrator of the Hartmarx Long Term Disability Plan (the "Plan").

3. On or about December 1, 2007, Plaintiff stopped working and was approved for benefits under the Plan.

4. Effective September 1, 2009, the Plan was replaced by insured coverage provided by defendant MetLife.

5. MetLife became financially responsible for the claim as of September 1, 2009.

6. At the time she stopped working for Hartmarx, Plaintiff was a participant in the Hartmarx Plan and had been previously approved to receive LTD benefits under the Plan.

7. Once MetLife assumed the financial aspect of Plaintiff's claim on September 1, 2009, MetLife began making monthly benefit payments.

8. On November 10, 2010, MetLife issued a letter to Plaintiff advising her that it had denied her claim for further long term disability benefits, effective November 10, 2010.

9. Plaintiff filed her Appeal for benefits dated February 28, 2011.

10. By letter dated June 14, 2011, Defendant MetLife issued a decision upholding its previous claim determination and refusing to accept further liability of Plaintiff's claim.

11. Plaintiff was found disabled by the Social Security Administration on August 14, 2010 with a disability start date of December 1, 2007.

12. Plaintiff has exhausted all administrative remedies required by the Plan.

D. **Uncontested Legal Issues**:  None

E. **Legal Issues To Be Decided by The Court**

1. What is the proper standard of review for the Court to apply?

2. Whether MetLife's decision to terminate benefits was correct and supported by sufficient evidence?

3. Whether Plaintiff provided proof of disability as required by the Plan?

4. The parties may also seek the Court's assistance regarding the scope of discovery.

F. **Material Disputed Facts**

1. **Plaintiff**

It is Plaintiff's contention that she continues to be totally disabled from not only her own occupation but from any occupation.  Her benefits, therefore, should not have been terminated by Defendant.  Plaintiff's continued functional impairments are amply supported by objective evidence and testing, the opinion of her treating doctors and corroborated by the findings of the Social Security Administration.  Finally, Defendant's conflict of interest impacted the claim handling process.

2. **Defendant**

Plaintiff Audrey Berney ("Berney") stopped working on November 30, 2007 as a senior vice-president of distribution and manufacturing at Hartmarx Corporation allegedly due to left shoulder complications sustained from a fall in August 2007.  Berney's claim was approved and paid continuously starting December 1, 2007.  In August 2010, Berney's treating physicians certified that she could work continuous eight-hour days at a sedentary level of work.  MetLife performed an employability analysis and identified at least three sedentary positions that Berney was physically capable of performing and was suited to perform by education, training or experience.  By letter dated November 10, 2010, MetLife notified Berney of its decision to deny

NY/754507v1

Berney's claim for continuing LTD benefits.  The November 10, 2010 letter sets forth MetLife's reasons for the denial, advised Berney of the administrative appeal procedure under the Plan, and advised her of additional documents that she should submit, if they exist, to support her administrative appeal.  By letter dated February 28, 2011, Berney submitted an appeal of the adverse determination.  In connection with its review of the administrative appeal, MetLife obtained an independent medical record peer review report by a board certified orthopedic surgeon to assist in providing an opinion as to Berney's restrictions and limitations by reviewing the medical information in the file.  This independent physician consultant also spoke with Berney's treating physicians.  MetLife also obtained a vocational analysis from an independent company, which identified five sedentary jobs that were appropriate for Berney and also spoke to twelve different employers in a 50-mile radius of Berney's residence in Streamwood, Illinois to more specifically identify the duties and responsibilities and the salaries of those five sedentary positions identified in the independent vocational analysis, as well as to confirm their availability.  Based on a thorough review of the information in the administrative record, including Berney's treating physician's opinions, MetLife decided to uphold its initial determination and advised Berney of this decision by letter dated June 14, 2011.

**G.     Legal Basis For Each Cause Of Action**

   **1.     Plaintiff's Statement**

Plaintiff is entitled to long term disability benefits because she remains totally disabled with the meaning of the policy.  Plaintiff is authorized to sue for such benefits under 29 U.S.C. 1132.

Plaintiff is entitled to attorney fees and costs under 29 U.S.C. 1132(g).

   **2.     Defendant's Statement**

Not applicable.  Defendant did not assert a counterclaim.

**H.      Legal Basis Of Each Defense**

The Plan vests MetLife with discretionary authority to determine Berney's eligibility for continuing long term disability benefits.  *See Krauss* v. *Oxford Health Plans (NY), Inc.*, 517 F.3d 614, 622-23 (2d Cir. 2008); *Kinstler* v. *First Reliance Standard Life Ins. Co.,* 181 F.3d 243, 249-52 (2d Cir. 1999).  MetLife states that in order for Berney to prevail on her claim for benefits pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), Berney must prove that MetLife's determination to deny her claim for continuing LTD benefits was arbitrary and capricious.  *See Firestone Tire and Rubber Co.* v. *Bruch*, 489 U.S. 101, 115 (1989); *Kinstler*, 181 F.3d at 251-52.  The Court's review of MetLife's decision-making is limited to the information contained in the administrative record.  *See  Richard* v. *Fleet Financial Group Inc. LTD Employee Benefits Plan*, 367 Fed. Appx. 230, 233 (2d Cir. 2010); *Cirincione* v. *Plumbers Local Union No. 200 Pension Fund*, 404 Fed. Appx. 524, 526 (2d Cir. 2010).  If the Court finds that MetLife's determination was based on substantial evidence in the administrative record, it may not disturb MetLife's determination.  *Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009).

**I.      Measure/Burden Of Proof**

In this ERISA action Plaintiff bears the burden of proving that she is entitled to the claimed benefits.  Defendant bears the burden of proving the standard of review, which is contested.

**J.      Amendments To Pleadings And Addition/Substitution Of Parties**

Plaintiff believes that she may need to amend the pleadings and requests 21 days after service of the initial disclosures to amend without leave of Court.

K.  **Potential Transfer Of Case to Magistrate Judge**

Plaintiff consents to a transfer of this case to a Magistrate Judge for the purpose of pre-trial proceedings and settlement negotiations.  Defendant does not consent to the transfer of this case to a Magistrate Judge for pre-trial proceedings.

L.  **Disclosures Pursuant To FED. R. CIV. P. 26(a)**

Both parties agree that disclosures required by FED. R. CIV. P. 26(a) should be made in accordance with the timing and form required by the rule.

M.  **Disclosures**

Plaintiff and Defendant propose a discovery cut-off date of January 3, 2012.

Plaintiff will seek documents, interrogatories and depositions of MetLife witnesses regarding the handling of his benefits claim.  Plaintiff may also seek a Rule 30(b)(6) deponent on issues relating to Defendant's conflict of interest, claim handling, and failure to perform a full and fair review.

Defendant contends that review in this case will be limited to the administrative record pertaining to Berney's LTD benefit claim.

N.  **Expert Discovery**

Not applicable.

O.  **Limitation Of Discovery**

Plaintiff's position is that there is no limitation on discovery.

MetLife plans to produce the relevant plan documents and administrative record in its possession within two weeks.  MetLife will consider any reasonable discovery demands from plaintiff.  At this time, no discovery demands have been served.  To the extent plaintiff seeks discovery outside of the administrative record, she will need to make a showing of "good cause" for the discovery sought.  FED. R. CIV. P. 26(b)(1).  Accordingly, MetLife reserves it right to

seek a protective order for any discovery demands that seek confidential or proprietary information, are overly broad, are unduly burdensome or are not relevant.

**P.** **Status of Settlement**

On October 12, 2011, plaintiff conveyed a settlement demand at the request of defendant. Defendant has not yet responded.

**Q.** **Jury Demand**

This case is not triable to a jury.

**R.** **Other Orders**

Neither Plaintiff nor Defendant believe that any other Orders are necessary at this time.

Dated:   New York, New York
         October 28, 2011

| | |
|---|---|
| __s/Justin Frankel_____ | __s/Michael H. Bernstein_____ |
| JUSTIN C. FRANKEL  (JF-5983) | MICHAEL H. BERNSTEIN  (MB-0579) |
| JASON A. NEWFIELD (JN-5529) | JOHN T. SEYBERT (JS 5014) |
| FRANKEL & NEWFIELD, P.C. | SEDGWICK LLP |
| 585 Stewart Avenue, Suite 312 | 125 Broad Street, 39th Floor |
| Garden City, New York 11530 | New York, New York 10004 |
| Telephone:  (516) 222-1600 | Telephone:  (212) 422-0202 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| AUDREY BERNEY | METROPOLITAN LIFE INSURANCE COMPANY |

NY/754507v1